Stephanie I. Sprecher
Acting United States Attorney
Jeremy A. Gross (WY Bar # 7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
jeremy.gross@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 MAY -8 AM 11: 51

MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| IN RE: 38 FIREARMS and ASSORTED AMMUNITION. | Miscellaneous No.: 24-MC-148-SWS |
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> V. <br><br> RANDALL KANE, <br> NOREEN SCROGGIN, <br> JULIE KANE, <br> PHILLIP KANE, <br><br> POTENTIAL CLAIMANTS. | Civil Case No.: 25-CV-114-SWS |

## COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF

Plaintiff, the United States of America, by and through Assistant United States Attorney Jeremy A. Gross, brings this complaint for interpleader and injunctive relief, pursuant to Rule 22 of the Federal Rules of Civil Procedure and Title 28, United States Code, Sections 1335 and 2361. In support of this complaint, the United States provides the following:

1. This Court has original Jurisdiction over this civil action of interpleader pursuant to 28 U.S.C. § 1335(a).

2. Venue over this civil adversary proceeding is proper in this District pursuant to 28 U.S.C. § 1397 because at least one of the potential claimants resides within the District of Wyoming.

3. Plaintiff is the United States of America.

4. The Property is in the possession of the United States. It includes all firearms and ammunition listed in Exhibit 1 – Asset List.

5. The Property is valued at $500.00 or more.

6. On November 21, 2023, Special Agents with the Department of Alcohol, Tobacco, Firearms, and Explosives (ATF) served three federal search warrants at 13 Valley Rd. Sheridan, WY 82801. Both Randall Kane and Noreen Scroggin resided at the property and were subject to the search, though no arrest was made. ATF conducted the search as part of an investigation into Randall Kane's possession of firearms despite a previous Federal felony conviction.[1]

7. During the search, ATF agents seized 38 firearms and hundreds of pounds of ammunition. *See* Exhibit 1.

8. Subsequent to the seizure, the ATF initiated administrative forfeiture proceedings against the assets listed in Exhibit 1.

---

[1] As of the date of this complaint, Randall Kane remains prohibited from possessing firearms and ammunition under federal law. *See* 18 U.S.C. § 922(g)(1) (making it unlawful for any person to possess firearms and ammunition "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding on year"). Should this Court determine that Randall Kane is the owner of any of the assets listed in Exhibit 1, the United States will follow the Supreme Court's guidance in *Henderson v. US*, 575 U.S. 622 (2015) regarding how a prohibited person may still dispose of firearms and ammunition (i.e. selecting a federally licensed firearms dealer to sell the firearms on the prohibited person's behalf; or designating a third party to receive or possess the firearms so long as that party affirms they will not give the felon access to the weapon).

9. During the administrative forfeiture process, Randall Kane, Noreen Scroggin, Julie Kane, and Phillip Kane all filed claims to some of the assets listed in Exhibit 1.

10. By reason of these multiple Potential Claimants with claims that are adverse to and independent of one another, the Plaintiff is in great doubt as to which Claimant may be entitled to which portions of the Property.

11. Further, the Government is unable to deposit the Property into this Court's registry in accordance with 28 U.S.C. § 1335(a)(2) because the registry does not have an appropriate storage facility for weapons and ammunition.

12. Similarly, the United States is not required to post bond or security in this matter. 28 U.S.C. § 2408; *see e.g. U.S. v. Herce*, 334 F. Supp. 111, 112 (S.D.N.Y. 1971).

WHEREFORE, the United States of America prays that this Court: enter an order to permit the Government to retain custody of the Property pending judgment of the Court resolving this civil action; restrain each Potential Claimant from instituting any action against the Plaintiff for recovery of the interplead Property; discharge the Plaintiff from all liability in connection with the interplead Property, except for maintaining the Property during the pendency of this proceeding; and dismiss the United States from this adversary proceeding. Further, the United States of America prays that it recovers its costs in this proceeding, and for such other and further relief as is just and proper.

Respectfully submitted this 8th day of May 2025.

STEPHANIE I. SPRECHER
Acting United States Attorney

By: *[signature]*

JEREMY A. GROSS
Assistant United States Attorney